**Charles FORDJOUR, aka Charles Fordjour Rathi, Plaintiff— Appellant,**

v.

**INTEL CORPORATION, sued in its corporate capacity; et al., Defendants—Appellees.**

No. 03–15686.

D.C. No. CV–02–00839–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*

Decided Dec. 13, 2005.

Charles Fordjour, Avenal, CA, pro se.

William A. Wright, Sherman & Howard, LLC, Denver, CO, Thomas J. Kennedy, William Porter Allen, Sherman & Howard, LLC, Michael P. Berman, Christopher M. Schultz, Perkins Coie Brown & Bain, PA, Phoenix, AZ, for Defendants–Appellees.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM\*\*

Charles Fordjour appeals pro se the district court's order dismissing his employment action seeking unpaid wages and benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *See*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Wright v. Or. Metallurigical Corp.,* 360 F.3d 1090, 1096 (9th Cir.2004). We affirm.

Fordjour was discharged from his employment with Intel on January 1, 1996. He filed the present action on May 7, 2002 and filed a charge of discrimination with the EEOC on May 20, 2002. As a consequence, the district court properly concluded that Fordjour's Title VII claims were time-barred. *See* 42 U.S.C. § 2000e–5 (mandating that a claim be filed within 180 days of the alleged discrimination or within 300 days if the claim is commenced with a local or state agency); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Fordjour's Equal Pay Act claims are likewise time-barred, *see* 29 U.S.C. 255(a) (three-year statute of limitations), as are his wage claims, *see* 29 U.S.C. § 255(a) (three-year limitations period for FLSA claims); Ariz.Rev.Stat. §§ 12–541(3) and (4) (one-year statute of limitations for state claims), and his contract-based claims, *see* Ariz.Rev.Stat. § 12–541(3) (one-year limitations period for actions in contract); Ariz.Rev.Stat. § 12–542 (two-year limitations period for actions in tort). Accordingly, the district court properly dismissed Fordjour's action.

Fordjour's remaining contentions lack merit.

**AFFIRMED.**